Collins *v.* Denison.

---

RICHARD COLLINS *vs.* GEORGE W. DENISON.

In an action for deceit in the sale of a horse, when proof is given that the defendant knowingly made false representations to the plaintiff, concerning the horse, at the time of the sale, and that the plaintiff was induced, by those representations, to buy the horse, and, confiding in them, did buy him, the jury are authorized and required to find that the defendant made the representations with the intent thereby to induce the plaintiff to buy the horse; and the plaintiff cannot legally be required to give any further proof of such intent of the defendant.

THIS was an action upon the case, to recover damages for a deceit in the sale of a horse.

At the trial in the court of common pleas, before *Wells,* C. J. the plaintiff introduced evidence tending to show that, at the time of the sale of the horse to the plaintiff, the defendant made certain representations concerning the horse, and that those representations were false.

The judge ruled, and instructed the jury, that " although the representations, made by the defendant to the plaintiff, were false, and known by the defendant to be false at the time of making them, and although the plaintiff was thereby induced to purchase, and, confiding in such representations, did purchase said horse, yet the defendant was not liable in this action, unless the plaintiff further proved, that the defendant made those representations with the intent of thereby inducing the plaintiff to make the trade."

A verdict was found for the defendant, and the plaintiff alleged exceptions to the judge's instructions.

*W. G. Bates & Walker,* for the plaintiff.

Collins *v.* Denison.

*R. A. Chapman & J. Wells*, for the defendant, argued that the defendant's intent to defraud the plaintiff must be proved; and that mere proof of false representations, by which the plaintiff was induced to purchase the horse, and was defrauded, was not sufficient. To this point they cited 2 Steph. N. P. 1286. *Allen* v. *Addington*, 7 Wend. 10, and 11 Wend. 374. *Fleming* v. *Slocum*, 18 Johns. 403. *Tryon* v. *Whitmarsh*, 1 Met. 1. *Benton* v. *Pratt*, 2 Wend. 385. *Eyre* v. *Dunsford*, 1 East, 318. *Emerson* v. *Brigham*, 10 Mass. 197.

DEWEY, J. The ruling of the presiding judge, without further explanatory remarks, was such as might well have misled the jury. In stating that the defendant was not liable, although he made the alleged misrepresentations, under the circumstances supposed, "unless the plaintiff *further* proved that the defendant made those representations with the intent of thereby inducing the plaintiff to make the trade," the jury would naturally understand that some independent and distinct evidence upon that point was required. But, in the opinion of the court, the other facts proposed to be shown, and which, in the ruling of the judge, were in fact assumed to exist, would fully authorize and require the jury to find the intent of the defendant to have been to induce the plaintiff to make the contract alleged. No "further" proof was required; that is, no independent evidence, distinct in its character from that offered to establish the other facts, which are assumed to be established by the proof produced. The representations being of the character supposed, and being voluntarily made by him who had the property for sale, and at the time when the parties were in treaty upon the subject, and the plaintiff having been actually induced, by reason of such false representations, to make the purchase, the jury, without further proof, might properly have found that the defendant made the representations with the intent to induce the plaintiff to make the contract for the purchase of the horse. Upon this ground a new trial is ordered.